FILED

MAR 1 1 2011

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| vs. | ) |
| | ) CRIMINAL NO. *11-CR-40006-JPG* |
| | ) |
| HONEYWELL INTERNATIONAL INC., | ) |
| A Delaware Corporation, | ) |
| | ) |
| Defendant. | ) |

## PLEA AGREEMENT

The United States of America, through the United States Attorney for the Southern

District of Illinois and the Environmental Crimes Section of the United States Department of

Justice (collectively the "Government"), and the Defendant HONEYWELL INTERNATIONAL

INC. ("HONEYWELL"), through its authorized representatives, have engaged in plea

discussions and have reached an Agreement pursuant to FED. R. CRIM. PRO. 11. As a result of

that Agreement, the Defendant intends to plead guilty in this case.  The full and complete Plea

Agreement is as follows:

### I.

1.      HONEYWELL, through its authorized representatives, will cooperate fully with

the Government. HONEYWELL agrees and acknowledges that its obligation to cooperate

includes providing complete and truthful information, through its authorized representative, to

the government concerning HONEYWELL's activities and those of others regarding violations

of federal laws in connection with this case. HONEYWELL understands that this includes, but is

not limited to, providing complete and truthful information before a grand jury, at trial or other

court proceeding, and to any federal law enforcement agency upon request.

    2.    HONEYWELL, through its authorized representatives, acknowledges that it has

been advised and does fully understand the following:

    (a)    the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

    (b)    that the Defendant has the right to plead not guilty or to persist in that plea if it has already been made, and it has the right to be tried by a jury and, at that trial, has the right to the assistance of counsel and the right to confront and cross-examine witnesses against it;

    (c)    that, if the Defendant pleads guilty, there will not be a further trial of any kind, so that by pleading guilty, it waives the right to a trial;

    (d)    that, if the Defendant pleads guilty, the Court may ask it, through its authorized representatives, questions about the offense to which it has pleaded, and, if it answers these questions under oath, on the record, and in the presence of counsel, its answers may later be used against it in a prosecution for perjury or false statement; and,

    (e)    that, if the Defendant pleads guilty, it will waive its right to persist in its plea of not guilty, to be tried by a jury, to have assistance of counsel at the trial, and to confront and cross-examine witnesses against it at trial.

    3.    HONEYWELL agrees that this Plea Agreement and Stipulation of Facts

constitute the entire Agreement and understandings between it and the Government and that no

promises, inducements, or representations, other than those specifically set forth in this Plea

Agreement and Stipulation of Facts were made to induce it to enter into this Plea Agreement and

Stipulation of Facts. Any modifications of this Plea Agreement shall be valid only as set forth in

writing in a supplemental or revised Plea Agreement signed by all Parties.

4.    It is further understood that this Agreement is limited to the United States Attorney's Office for the Southern District of Illinois and the Environmental Crimes Section of the United States Department of Justice and cannot bind other federal, state, or local prosecuting authorities. This Agreement does not provide any waiver of or preclude any civil or administrative action, sanction, or penalty, including but not limited to fines, penalties, suspension, debarment, or listing.

5.    HONEYWELL understands that this offense is subject to Title 28, United States Code, Section 994(a). HONEYWELL has been advised and understands that the Sentencing Guidelines are advisory and that the Court will consider the applicable Guidelines in conjunction with 18 U.S.C. § 3553(a) in determining the appropriate sentence. HONEYWELL understands that, pursuant to U.S.S.G. § 8C2.1, the Sentencing Guidelines do not apply to the determination of an appropriate fine in environmental cases.

6.    HONEYWELL understands that the Court may impose a fine and cost of supervision.

7.    HONEYWELL states that it has read this Agreement and has discussed it with its attorney, and understands it.

8.    HONEYWELL understands that it is required to abide by each term of this Agreement.  HONEYWELL acknowledges that any violation of this Agreement by HONEYWELL gives the Government the right to declare this Agreement void and to prosecute HONEYWELL to the full extent of the law. If HONEYWELL's guilty plea or conviction is set aside for any reason, HONEYWELL expressly waives any defense based on the statute of limitations and constitutional or statutory rights to a speedy trial or sentence.

3

## II.

9.      HONEYWELL states that it is actually guilty and will waive Indictment and enter a plea of guilty to the Information filed with this Agreement. The Information charges the Defendant with one count of knowingly storing hazardous waste without a permit, in violation of 42 U.S.C. § 6928(d)(2)(A).

10.     The maximum penalty that can be imposed is (a) a term of probation of five (5) years; (b) a fine the greater of (1) $50,000 for each day of violation, (2) not more that $500,000 per count, (3) twice the gross pecuniary gain derived from the offense, (4) twice the gross pecuniary loss caused to the victim, if any. *See*, 42 U.S.C. § 6928(d), 18 U.S.C. §§ 3561(a) and (c)(1), U.S.S.G. §§ 8D1.1-8D1.4, 18 U.S.C. §§ 3571(c)(3) and 18 U.S.C. § 3013(a)(2)(B).

11.     HONEYWELL understands that, pursuant to Title 18, United States Code, Section 3010, the Court will assess a "Special Assessment" of $400 per felony count. *See* 28 U.S.C. § 3013(a)(2)(B).

12.     The Government and HONEYWELL agree that the following constitute the essential elements of the offense of storage of hazardous waste without a permit:

FIRST:      The Defendant knowingly stored or caused the storage of material;

SECOND:    The material is a classified as a hazardous waste under the Resource Conservation and Recovery Act; and

THIRD:      The Defendant did not have a permit issued pursuant to the Resource Conservation and Recovery Act to store the hazardous waste.

The Defendant agrees and admits that its conduct violated these essential elements of the offense.

4

13.     HONEYWELL will, at the time it enters its plea of guilty, acknowledge the truth of the attached Stipulation of Facts.

14.     In exchange for HONEYWELL's plea of guilty and complete cooperation, the Government agrees not to file any additional charges against HONEYWELL based upon the conduct described in and within the scope of the Information and Statement of Facts and known to the Government at the time of the entry of the plea. HONEYWELL understands that this Agreement is null and void if HONEYWELL, through its authorized representatives, makes any statement in connection with this case that is materially false in whole or in part, or fails in any way to fulfill, completely, all of the obligations under this Agreement, and that, in such event, the United States may seek release from any or all of its obligations under this Agreement. HONEYWELL understands and agrees that this Agreement does not preclude prosecutions for any unlawful conduct not specifically exempted by this agreement.

15.     The Parties hereby state, pursuant to U.S.S.G. § 6B1.2(a), that the charges to which HONEYWELL is pleading guilty adequately reflect the seriousness of the actual offense behavior and the acceptance of this Agreement by the Court will not undermine the statutory purpose of sentencing.

16.     HONEYWELL understands that, pursuant to U.S.S.G. § 6B1.4(d), the Court is not bound by this Agreement and that the Court ultimately will determine the sentence after receiving the Presentence Report and after giving both parties the opportunity to comment thereon.  No promises or representations have been made to HONEYWELL as to what sentence the Court will impose. Pursuant to Fed. R. Crim. Pro. 11(c)(3)(B), in the event that the Court does not accept this Agreement, HONEYWELL fully understands that it shall not have the right

5

to withdraw its guilty plea. HONEYWELL expressly recognizes that, regardless of the sentence imposed by the Court, it will not be permitted to withdraw its plea.

17.     The Government and HONEYWELL agree that the following disposition is an appropriate disposition of this case and jointly recommend that the Court impose the following sentence:

(a)     A criminal fine in the amount of $11,800,000.00 (eleven million eight hundred thousand). HONEYWELL will pay the fine by electronic funds transfer pursuant to instructions to be provided by the Clerk of the Court for the United States District Court for the Southern District of Illinois; and

(b)     A five-year period of probation, the terms of which shall include the following conditions:

(i)     HONEYWELL must comply with the terms of the Interim Consent Order entered into with the People of the State of Illinois, *ex rel.* Lisa Madigan, Attorney General of the State of Illinois, and Illinois Environmental Protection Agency ("IEPA"), filed on April 21, 2010 ("Order"), and any subsequent revisions to the Order. The Order imposes a schedule for the processing of KOH mud, the hazardous waste at issue in this case. A copy of the Order is attached hereto as Attachment A. HONEYWELL shall provide the United States Probation Office and the Government an annual report on the status of its processing of the KOH mud for that calendar year no later than two months after the end of the calendar year.

(ii)    In furtherance of satisfying the sentencing principles provided for under 18 U.S.C. § 3553(a), as community service aimed at ensuring the proper management of hazardous waste in the community surrounding the Metropolis facility, which is the subject of the Criminal Information, pursuant to U.S.S.G. § 8B1.3, HONEYWELL shall develop, fund, and implement a household hazardous waste collection and disposal program in Massac County, Illinois, at a cost of approximately $200,000.00 (two hundred thousand). HONEYWELL shall inform the community of Massac County, Illinois, about the collection program and make arrangements for the proper collection, storage, transportation, treatment, and/or disposal of household hazardous waste collected during the program. HONEYWELL will arrange at least eight (8) collection events over a two (2) year period. The program shall comply with all state, federal, and local laws, regulations, standards, and procedures, involving the treatment, storage, transportation, and disposal of hazardous waste, including but not limited

to the Resource Conservation and Recovery Act. HONEYWELL shall provide to the United States Probation Office and the Government an annual report on the status of the program within two months after the close of the calendar year. Each report should include the date of the collection event, the name of the company hired to manage the program, an accounting of the amount of waste collected, and the total funds expended to carry out the program. HONEYWELL further acknowledges and understands that any community service provided as a result of this Agreement is not a charitable effort. As such, HONEYWELL agrees that it will not seek any reduction in its tax obligations for providing this community service and shall not characterize, publicize, or refer to this program or associated payments as a charitable effort.

After HONEYWELL has successfully completed two years of probation, pursuant to 18 U.S.C. § 3564(c), HONEYWELL may petition the Court for early termination of probation if HONEYWELL has completed the processing of all the KOH mud referenced in the Stipulation of Facts and otherwise complied with all other terms of probation.

18.     HONEYWELL agrees to pay the full amount of the special assessment on the date of sentencing.

19.     The parties agree, subject to approval by the Court, that the record contains information sufficient to enable a meaningful exercise of sentencing authority under 18 U.S.C. § 3553. Thus, pursuant to FED. R. CRIM. PRO. 32 (C)(1)(A)(ii), the parties request that the Court waive the preparation of a pre-sentence report in this matter and that sentencing be held at the time the guilty plea to the Information is entered.

20.     HONEYWELL shall not, through a change of name, business reorganization, sale or purchase of assets, divestiture of assets, or similar actions, seek to avoid the obligations and conditions set forth in this Agreement. This Agreement, together with all of the obligations and terms herein, shall inure to the benefit of and shall bind assignees, successors-in-interest, or

transferees of the parties. This Agreement shall not prevent any stock or asset purchase transaction, provided obligations under this Agreement transfer to the purchaser. The existence of this Agreement and the obligations hereunder shall not prevent any party subject to the terms herein from ceasing operations otherwise covered by such obligations.

### III.

21.     HONEYWELL understands that, by pleading guilty, it is waiving all appellate issues that might have been available if it had exercised its right to trial. HONEYWELL states that it is fully satisfied with the representation it has received from its counsel, that it has discussed the Government's case and possible defenses, and that it has explored all areas which HONEYWELL has requested relative to the Government's case and its defense.

22.     HONEYWELL is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence. Acknowledging all this, and in exchange for the recommendations and concessions made by the United States in this Plea Agreement, HONEYWELL knowingly and voluntarily waives its right to contest any aspect of its conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that, if the sentence imposed is in excess of the parties recommendation, HONEYWELL reserves the right to appeal the reasonableness of the sentence.  HONEYWELL acknowledges that, in the event such an appeal is taken, the Government reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more severe than that recommended by the Government. HONEYWELL knowingly and voluntarily waives its right to seek a pardon.

23.     HONEYWELL's waiver of its right to appeal or bring collateral challenges shall not apply to the following: (a) any subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit, which is declared retroactive by those Courts and which renders HONEYWELL actually innocent of the charges covered herein, and (b) appeals based upon Sentencing Guideline amendments, which are made retroactive by the United States Sentencing Commission (*see* U.S.S.G. § 1B1.10).  The Government reserves the right to oppose such claims for relief.

24.     HONEYWELL's waiver of its appeal and collateral review rights shall not affect the Government's right to appeal HONEYWELL's sentence pursuant to Title 18, United States Code, Section 3742(b).  This is because United States Attorneys and the Environmental Crimes Section of the United States Department of Justice lack any right to control appeals by the United States, through Plea Agreements or otherwise; that right belongs to the Solicitor General. 28 C.F.R. § 0.20(b).

25.     HONEYWELL hereby waives all rights, whether asserted directly or by a representative, to request or receive from any Department or Agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

26.     HONEYWELL waives all claims under the Hyde Amendment, Title 18, United States Code, Section 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

**IV.**

27.     Each person who signs this Plea Agreement in a representative capacity warrants

that he or she is duly authorized to do so and is bound by its terms, obligations, and conditions.

HONEYWELL will provide the Government and the Court a notarized copy of a Corporate

Acknowledgment of the Plea Agreement affirming that its Board of Directors has given its

signatory authority to enter into the Plea Agreement on its behalf and that it has done the

following:

> (a)     consulted with legal counsel in connection with this matter;
> (b)     voted to authorize HONEYWELL to plead guilty to the charge specified in the Plea Agreement; and,
> (c)     voted to authorize a corporate officer and/or representative to appear on behalf of HONEYWELL, to enter the guilty plea, to appear for the imposition of sentence, and to execute the Plea Agreement and any and all other documents necessary to carry out the provisions of the Plea Agreement.

**V.**

28.     No matters are in dispute.

**STEPHEN R. WIGGINTON**
United States Attorney

BY: WILLIAM E. COONAN
    MICHAEL J. QUINLEY
    Assistant United States Attorneys

2 - 18 - 11
DATE

**IGNACIA S. MORENO**
Assistant Attorney General
Environment and Natural Resources Division

BY:  JENNIFER A. WHITFIELD
    Senior Trial Attorney
    SUSAN L. PARK
    Trial Attorney
    Environmental Crimes Section

2/4/2011
DATE

**HONEYWELL INTERNATIONAL INC.**
Defendant

BY: Jeffrey N. Neuman
    Vice President and General Counsel-
    Specialty Materials
    Authorized Corporate Representative of Defendant

2/14/11
DATE

BY: ANTON R. VALUKAS
    JESSIE K. LIU
    Jenner & Block LLP
    Counsels for Defendant

2/11/2011
DATE

11

ATTACHMENT A

IN THE CIRCUIT COURT FOR THE FIRST JUDICIAL CIRCUIT
MASSAC COUNTY, ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS
*ex rel.* LISA MADIGAN, Attorney General of
the State of Illinois,

        Plaintiff,

        v.                    No. 07-MR-46

HONEYWELL INTERNATIONAL INC., a
Delaware corporation,

        Defendant.

**INTERIM CONSENT ORDER**

Plaintiff, PEOPLE OF THE STATE OF ILLINOIS, *ex rel.* LISA MADIGAN, Attorney

General of the State of Illinois, the Illinois Environmental Protection Agency ("Illinois EPA"),

and Defendant, HONEYWELL INTERNATIONAL INC., have agreed to the making of this

Interim Consent Order and submit it to this Court for approval.

**I. INTRODUCTION**

It is the intent of the parties to this Interim Consent Order that this Interim Consent Order

is entered into for the purposes of compliance only, and that neither the fact that a party has

entered into this Interim Consent Order, nor any of the facts stipulated herein, shall be used for

any purpose in this or any other proceeding except to enforce the terms hereof by the parties to

this agreement. Nothing in this Interim Consent Order shall be construed to preclude or in any

1

way limit any federal action. It is further stipulated that the Defendant does not admit any of the facts or allegations set forth within the pleadings.

A.    Parties

1.    On November 14, 2007, a Complaint was filed on behalf of the People of the State of Illinois by Lisa Madigan, Attorney General of the State of Illinois, on her own motion and upon the request of the Illinois EPA, pursuant to Section 42(d) and (e) of the Act, 415 ILCS 5/42(d) and (e) (2006), against the Defendant.

2.    The Illinois EPA is an administrative agency of the State of Illinois, created pursuant to Section 4 of the Act, 415 ILCS 5/4 (2006).

3.    At all times relevant to the Complaint, Defendant Honeywell International Inc., was and is a Delaware corporation that is authorized to transact business in the State of Illinois and owned and operated a manufacturing facility located at Route 45 North, Metropolis, Massac County, Illinois ("facility").

4.    The Metropolis facility is part of the Specialty Materials Business of Honeywell International Inc., and produces uranium hexafluoride, sulfur hexafluoride, iodine pentafluoride, antimony pentafluoride, and liquid fluorine. Operations to produce these chemicals are continuous and operate on a 24-hour basis. Facility processes include a process wastewater treatment plant, a potassium hydroxide recovery process, sludge storage impoundments, and a drum storage pad. Certain of the storage units are regulated under a Resource Conservation and Recovery Act ("RCRA") Part B Permit. Honeywell represents that the facility has generated several hazardous waste streams, including the following at issue here:

2

a.      Potassium Hydroxide ("KOH") mud.  The KOH mud originated from spent scrubbant liquors used in air pollution control devices during the uranium hexafluoride manufacturing process.

b.      Environmental Protection Facility ("EPF") mud.  The EPF mud originated from part of the facility's wastewater treatment process known as the Environmental Protection Facility.

c.      Sodium Diuranate ("NaDU") mud.  The NaDU mud originated from the use of sodium hydroxide in various plant activities including the washing of uranium hexafluoride cylinders.

d.      Ammonium Diuranate ("ADU") mud.  The ADU mud primarily originated from the drum processing unit, and the application of the toxicity characteristic leachate procedure may yield levels of hazardous constituents exceeding regulatory levels for certain drums of ADU mud.

5.      Honeywell represents that some or all of the drums of KOH mud, EPF mud, NaDU mud and/or ADU mud contain both radioactive waste and RCRA hazardous waste, and are, by definition, low-level mixed waste unless recycled or stored in compliance with regulatory requirements for an exemption from the Board's Waste Disposal Regulations (drums that contain RCRA hazardous waste shall be "Drums").  Pursuant to its RCRA permit, and unless exempt or recycled, Honeywell cannot allow any Drums to be stored on-site for more than 90 days.  The Illinois EPA alleges that Honeywell has stored and accumulated certain of these Drums at the facility in excess of 90 days without recycling or the required exemption.

3

**B.    Allegations of Non-Compliance**

Plaintiff and the Illinois EPA contend that the Defendant has violated the following provisions of the Act and Board Regulations: Section 21(0(2) of the Act, 415 ILCS 5/21(0(2) (2006), and Sections 726.320 and 726.330 of the Board's Waste Disposal Regulations 35 Ill. Adm. Code 726.320 and 726.330.

**C.    Compliance Activities to Date.**

Honeywell has (i) obtained a modification to its RCRA permit and a regulatory exemption as required; (ii) completed construction of the new storage building authorized by the RCRA permit modification; (iii) begun a comprehensive survey and drum management program to ensure that the Drums are all catalogued, labeled, inspected and repacked or overpacked as appropriate; and (iv) begun processing the Drums.

## II.  APPLICABILITY

This Interim Consent Order shall apply to and be binding upon the Plaintiff, the Illinois EPA and the Defendant, and any officer, director, agent, or employee of the Defendant, as well as any successors or assigns of the Defendant.   The Defendant waives as a defense to any enforcement action taken pursuant to this Interim Consent Order the failure of any of its officers, directors, agents, employees or successors or assigns to take such action as shall be required to comply with the provisions of this Interim Consent Order.

## III.  COMPLIANCE ORDER

This Court has jurisdiction of the subject matter herein and of the parties to this Interim Consent Order consenting hereto and, having considered the stipulated facts and being advised in the premises, finds the following relief appropriate:

4

**IT IS HEREBY ORDERED:**

A.   **Future Compliance**

1.      The Defendant shall fully comply with its RCRA permit as currently effective and hereafter modified. The Defendant shall promptly come into compliance with the Act and Board Regulations in accordance with this Interim Consent Order, and thereafter cease and desist from future violations of the Act and Board Regulations that were the subject matter of the Complaint and this Interim Consent Order. This Interim Consent Order in no way affects the responsibilities of the Defendant to comply with any other federal, state or local laws or regulations, including but not limited to the Act and the Board Regulations.

2.      As of January 1, 2009, there were an estimated 9200 drums of historic KOH mud, EPF mud, NaDU mud and ADU mud stored at the Metropolis facility. These currently are being stored on the drum storage pad and in the Bed Materials Filter Fines ("BMFF") building at the southeast portion of the Metropolis facility. Honeywell has completed construction of a new storage building pursuant to its RCRA permit, and shall move the Drums from the drum storage pad and BMFF building into the new building and store them in accordance with the applicable permit terms.

3.      Beginning January 1, 2009, Honeywell will keep and maintain for 10 years records of its processing rates for the Drums. For purposes of this Interim Consent Order, a Drum shall be considered "processed" if its contents have either been disposed of, converted to non-hazardous waste by elementary neutralization in accordance with 35 Ill. Adm. Code 720.110 and 724.101(g)(6), or reclaimed such that they are ready for reuse at the facility, in each case in

5

compliance with all applicable legal requirements.  Honeywell already has processed at least approximately 800 of the Drums in calendar year 2009.  Honeywell will process at least approximately 900 of the Drums in calendar year 2010.  Honeywell will process at least approximately 1000 of the Drums per year in each calendar year from 2011 until the processing is complete and, in any event, shall complete the processing by the end of 2016.  If Honeywell processes the Drums at rates faster than those specified above for any calendar year, the number of Drums processed in excess of that year's target rate will be credited towards Honeywell's processing requirements for the following year.

**B.    Execution and Entry of Interim Consent Order**

This Order shall become effective only when executed by all parties to this Interim Consent Order and the Court.  This Order may be executed by the parties to this Interim Consent Order in one or more counterparts, all of which taken together shall constitute one and the same instrument.  The undersigned representatives for each party to this Interim Consent Order certify that they are fully authorized by the party whom they represent to enter into the terms and conditions of this Interim Consent Order and to legally bind them to it.

WHEREFORE, the parties to this Interim Consent Order, by their representatives, enter

into this Interim Consent Order and submit it to this Court that it may be approved and entered.

AGREED:

FOR THE PLAINTIFF:

PEOPLE OF THE STATE OF ILLINOIS
ex rel. LISA MADIGAN,
Attorney General of the
State of Illinois

MATTHEW J. DUNN, Chief
Environmental Enforcement/
Asbestos Litigation Division

BY: _____

    THOMAS DAVIS, Chief
    Environmental Bureau

DATE: _____4/16/10_____

FOR THE DEFENDANT:

HONEYWELL INTERNATIONAL INC.

BY: _____

DATE: March 25, 2010

ILLINOIS ENVIRONMENTAL
PROTECTION AGENCY

DOUGLAS P. SCOTT, Director
Illinois Environmental Protection Agency

BY: _____

    JOHN J. KIM
    Chief Legal Counsel

DATE: _____4/14/10_____

ENTERED:

_____

JUDGE

DATE: _____4/20/10_____

7

MCF

<u>Honeywell International Inc.</u>

<u>Certificate of Secretary</u>

I, Thomas F. Larkins, Secretary of Honeywell International Inc., hereby certify that attached hereto as Exhibit A is a true and correct copy of resolutions adopted by the Board of Directors of said Corporation at a meeting duly called and held on February 10, 2011, at which a quorum was present and acting throughout, and that the same have not been rescinded or modified in any way.

IN WITNESS WHEREOF, I have subscribed my name and affixed the seal of said Corporation hereto this 8th day of March, 2011.

_____
Thomas F. Larkins

[Seal]

Sworn to and subscribed to before me
this 8th day of March 2011.

_____
Mary Ellen Rizzo
Notary Public of the State of New Jersey

MARY ELLEN RIZZO
NOTARY PUBLIC
STATE OF NEW JERSEY
MY COMMISSION EXPIRES DECEMBER 02, 2014

#269129

Exhibit A

## METROPOLIS SETTLEMENT

After full discussion, on motion duly made and seconded, it was unanimously

RESOLVED:  That, after consultation with legal counsel, the Corporation's entrance into the Plea Agreement with the United States Attorney for the Southern District of Illinois, and the United States Department of Justice Environment and Natural Resources Division (collectively, "DoJ"), regarding the resolution of all potential criminal charges stemming from the DoJ's investigation of the treatment and storage of KOH muds at the Corporation's Metropolis, Illinois plant (the "Plea Agreement"), on the terms presented to the Board of Directors, is in the best interest of the Corporation and is hereby approved and the Corporation is hereby authorized to plead guilty to the charge specified in the Plea Agreement.

RESOLVED:  That Katherine L. Adams, Senior Vice President and General Counsel of the Corporation, and Jeffrey N. Neuman, Vice President and General Counsel – Specialty Materials, and their respective designees, be and hereby are authorized and directed in the name and on behalf of the Corporation to waive indictment, enter the guilty plea to the charge specified in the Plea Agreement, appear for the imposition of the sentence, execute and commit the Corporation to comply with the Plea Agreement and any other documents that may be necessary for the timely completion and execution of this Plea Agreement, and take any and all actions as they may determine are necessary to effect the intent of the foregoing resolutions.